

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Mensah v. Darby Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mensah v. Darby Pol Dept" (2005). *2005 Decisions.* Paper 674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-278                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2193

CAROLYN R. MENSAH,
a/k/a Carol Allen,

Appellant

v.

DARBY BOROUGH POLICE DEPARTMENT
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-01163)
District Judge:  Honorable Marvin Katz
_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
June 16, 2005

Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed August 19, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Carolyn Mensah, a/k/a Carol Allen, appeals from the dismissal of her

complaint as frivolous.  The appeal is frivolous and we will dismiss pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).

On March 15, 2005, Mensah filed a three-page complaint under 42 U.S.C. § 1983

alleging that the Darby Police Department is retaining fictitious criminal information on both her and her sons. Additionally, she claims that this information has led to the use of aircraft and other devices for surveillance purposes. Mensah seeks an injunction compelling the Darby Police to expunge whatever records they may have with references to some incident occurring on May 20, 1989, and we surmise, an injunction prohibiting the alleged surveillance. In a one-sentence order, the District Court dismissed the complaint as frivolous. Mensah appealed.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss an appeal as frivolous under § 1915(e)(2)(B) when it is lacking in arguable legal merit. We exercise plenary review over the dismissal of a complaint. Oran v. Stafford, 226 F.3d 275, 281 n.2 (3d Cir. 2000). Here, even if we accepted the complaint as true, the filing of false information states a claim for libel or defamation, a state law tort, not a constitutional violation. See generally Bd. of Regents v. Roth, 408 U.S. 564 (1972) (requiring a deprivation of either property or liberty to assert a due process claim); Paton v. La Prade, 524 F.2d 862, 869-71 (3d Cir. 1975) (involving a First Amendment challenge to the collection and maintenance of records). Even if it were a constitutional violation, Mensah would likely now be time-barred. See 42 Pa. Cons. Stat. Ann. §§ 5523(1), 5524(7). Similarly, harassment alone does not amount to a constitutional violation. Even assuming arguendo that Mensah could show that her claim states a violation, the Darby Police would be immune because to succeed under § 1983, the violated right must be "clearly established." See Carswell v. Borough of Homestead, 381 F.3d 235, 241-42 (3d Cir.

2004).  Mensah cannot make this showing.

For the foregoing reasons, the appeal is frivolous.  Accordingly, we will dismiss.